**IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF NEW JERSEY**

JEAN EMMANUEL RODRIGUEZ,

    Plaintiff,

  v.

WAWA, INC.,

    Defendant(s)

HONORABLE JEROME B. SIMANDLE

Civil No. 17-9353 (JBS-AMD)

**MEMORANDUM OPINION**

**SIMANDLE, District Judge**:

    The Plaintiff, Jean Emmanuel Rodriguez, has submitted a civil complaint naming Wawa, Inc., as a defendant. Mr. Rodriguez claims that he has been harassed by Wawa employees on account of his race, and he seeks damages under the Civil Rights Act of 1964 [Compl., ¶ II.B], in the amount of $250,000.00 [Id., ¶ B.]

    Plaintiff has submitted an application to proceed without prepayment of fees under 28 U.S.C. § 1915. Based on information in that affidavit, the Court finds that Mr. Rodriguez is unable to afford the filing fee. The Court will waive the fee and direct the Clerk of Court to file the Complaint.

    When a complaint is filed pursuant to 28 U.S.C. § 1915 in *forma pauperis*, the judge to whom it is assigned must conduct an initial screening pursuant to 28 U.S.C. § 1915(e)(2). The purpose of the screening is to determine whether, assuming all

allegations of the Complaint to be true, the Complaint should nonetheless be dismissed pursuant to 28 U.S.C. § 1915(e)(2) if the Court determines that the Complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

**Standards for Asserting a Claim in Federal Court**

To survive *sua sponte* screening for failure to state a claim, the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014). (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. *v.* Twombly, 550 U.S. 544, 555 (2007)).

In the present case, the Complaint asserts that Plaintiff was discriminated against because of his race by several employees of Defendant Wawa, Inc. because "I was asked to prove my age to the same person several times day despite knowledge of

my legal age and my legal right to purchase items." [Compl., ¶ 3.C.] The Complaint names two employees, Patricia Warren and Mike Rainey, and says several other employees were involved including "Brandon Doe and Gabrielle Bo." The Complaint does not state the location or dates of these occurrences, nor does it allege that defendant's personnel refused to sell plaintiff the items he sought. No grounds are stated for why he alleges that the Defendant was motivated by racial discrimination.

Elsewhere, the Complaint asserts that he was "falsely accused of robbery. The evidence was erased that proved my innocence. I was falsely imprisoned and coerced into a plea, because I could not afford counsel." [Compl., ¶ IV.] No details are given of the circumstances of his conviction and plea, nor does he allege that his conviction was set aside subsequently.

For relief, the Complaint states: "I want the Court to compel Wawa, Inc. to provide the incident report along with the original footage of the incident that they keep for records. I desire the amount of $250,000 dollars." [Compl., ¶ V.]

### Claim Under Title II of Civil Rights Act of 1964, "Public Accommodations"

A denial of goods or services at a place of public accommodation based on race may be actionable under the Civil Rights Act of 1964, Title II, "Public Accommodations." This

statute is codified at 42 U.S.C. §§ 2000a, 2000a-1 through -6. Under Section 2000a(a), Title II prohibits discrimination in provision of goods and services in places of public accommodation due to discrimination on the ground of race, color, religion, or national origin. Places of public accommodation include those that affect interstate commerce and include "any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station." 42 U.S.C. § 2000a(b)(2).

The "public accommodations" provisions authorize a private right of action only for injunctive relief, and not for money damages. The Supreme Court has held that a plaintiff cannot recover damages and if he obtains an injunction, he does so not for himself alone but also as a "private attorney general" vindicating policy that "Congress considered of highest priority." Newman v. Piggie Park Enterprises, Inc., 360 U.S. 400 (1968). This means that the substantive rights under 42 U.S.C. §§ 2000a and 2000a-1 are to be enforced exclusively by injunction. United States v. Johnson, 390 U.S. 563 (1968). A private plaintiff seeking injunctive relief is required to notify any state or local authority under state or local law

prohibiting such act or practice, prior to instituting suit in federal court.  42 U.S.C. § 2000a-3(c).

Pleadings by a person unrepresented by an attorney are to be construed liberally, but "pro se litigants still must allege sufficient facts in their complaints to support a claim."  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).  Nonetheless, any complaint must serve the function of presenting a statement of the grounds upon which relief is sought, which includes alleging facts such as the place and approximate dates of the alleged misconduct on which the claim is based and other facts that would make the claim plausible.  A complaint alleging racial discrimination must allege a factual basis for the claim, because mere labels or conclusions are insufficient to state a claim.  Ashcroft v. Iqbal, supra, 556 U.S. at 678.  Also, the relief sought by plaintiff in an award of money damages is not available by this statute, which permits only injunctions against ongoing discriminatory conduct in places of public accommodation. Finally, the complaint does not allege whether Wawa, Inc., personnel denied service to the Plaintiff, nor does it allege what sort of goods he was looking to purchase.  If the purchase was for tobacco products, for example, it may be that convenience store personnel in New Jersey are required to ask all patrons for proof of age before selling the items.

Furthermore, as noted above, the Act applies to "gasoline stations" as well as certain restaurants affecting interstate commerce. The Complaint does not allege whether the Wawa store of which Plaintiff complains was also a gasoline station or a restaurant-type facility.

Because it is not clear that an amendment of this Complaint would be futile under Title II of the Civil Rights Act of 1964, the Court will give Plaintiff an opportunity to file an amended complaint curing these deficiencies by supplying the necessary facts. Any amended complaint shall be filed within thirty (30) days of the entry of this Memorandum Opinion and accompanying Order, and any amended complaint will also be subject to pre-screening under Section 1915.

### **Claims for False Conviction and Imprisonment**

Regarding Plaintiff's allegations that defendant Wawa, Inc., falsely accused him of robbery and that he was coerced into pleading guilty, the situation is more complicated. The Complaint does not allege that his conviction was set aside. It is a fair inference that the conviction continues to stand of record. Also, the Complaint does not state the crime for which plaintiff was convicted, the court imposing judgment, or the sentence received. Again, the Complaint suffers from lack of specificity.

If the conviction has not been set aside, however, then this civil case cannot be brought challenging that conviction. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that before a Civil Rights Act plaintiff may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-487. This means that Mr. Rodriguez cannot allege in this civil lawsuit that his conviction was unlawful unless he alleges and proves that his conviction was actually set aside and is no longer valid. Accordingly, the portions of the Complaint alleging that he has been falsely convicted and imprisoned, or that evidence has been destroyed by Defendant Wawa, Inc., will be dismissed for failure to state a claim upon which relief can be granted.

Again, Plaintiff will be given one opportunity to amend the portion of his Complaint alleging such wrongful conviction and imprisonment, but he will have to give the specifics of the conviction and sentence, as well as the date of any court order that set the conviction aside, as explained above. Any such

amended complaint addressing these deficiencies regarding the criminal prosecution and conviction must likewise be filed within thirty (30) days.

## Conclusion

For the foregoing reasons, the Complaint may be filed without prepayment of fees pursuant to 28 U.S.C. § 1915. The Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted. The Plaintiff will have the opportunity for thirty days from the date this Opinion and accompanying Order are entered, to file an amended complaint that remedies the deficiencies noted with respect to his public accommodations claim and with respect to his wrongful conviction claim.

The accompanying Order is entered.

**November 8, 2017**         **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                             U.S. District Judge